[No. 1261.]

GEORGE P. RANDALL, APPELLANT, *v.* COUNTY OF
LYON, RESPONDENT.

COMPENSATION OF JAILERS—STATUTE CONSTRUED.—Where the statute author-
izes a sheriff to employ a jailer and provides that he shall be allowed
a fair and adequate monthly compensation for such services, the county
commissioners have no authority to fix the compensation on a *per
diem* basis and to confine it to such times as prisoners were detained in
the county jail.

VOLUNTARY PAYMENT—WHEN NO RIGHT TO SET OFF.—Where money
is voluntarily paid by a county to a sheriff for services actually ren-
dered, with full knowledge of all the facts, this payment cannot be
set up as an offset to a claim of the officer against the county on the
ground that there was no legal obligation on the part of the county to
make such payment.

COSTS—WHEN PLAINTIFF ENTITLED TO—STATUTE CONSTRUED.—The commis-
sioners allowed the sheriff a certain amount for services of a jailer
which he refused to accept. He brought suit for more than three
hundred dollars: *Held*, that under the statute (Gen. Stat. 1964) he was
entitled to recover costs, provided he recovered more than the commis-
missioners allowed; notwithstanding the fact that the amount recovered
was less than three hundred dollars.

APPEAL from the District Court of the Third Judicial District, Lyon County.

The court gave judgment in favor of appellant for ninety seven dollars. It arrived at this result by allowing for fifty-seven days' services as jailer at four dollars per day and deducting therefrom an offset of one hundred and thirty-one dollars. Judgment was rendered in favor of respondent for costs taxed at $96.27.

*W. E. F. Deal*, for Appellant.

1. The judgment being unsupported by the evidence and being rendered upon a total misapprehension of the law, a new trial should have been granted. (Hayne N. T. Secs. 287, 288, 289, and authorities there cited; Hill. N. T. 427; *Mateer* v. *Brown*, 1 Cal. 231.)

II. The court erred in allowing the offset. (*Stevens* v. *Head*, 9 Vt. 174; 31 Am. Dec. 618; *Beecher* v. *Buckingham*, 18 Conn. 110; 44 Am. Dec. 581; *B: & S. R. R. Co.* v. *Faunce*, 6 Gill. 68; 46 Am. Dec. 655; *Benson* v. *Munroe*, 7 Cush. 125; 54 Am. Dec. 718.)

III. The judgment in favor of respondent for costs is erroneous.

*Geo. W. Keith*, District Attorney of Lyon county, and *J. A. Stephens*, for Respondent.

I. The judgment in favor of respondent for costs was sustained and justified by the evidence. (Gen. Stat. 2139, 2122; *Stockton* v. *Shasta County*, 11 Cal. 113.)

The court will not disturb the verdict of a jury or the decision of a *nisi prius* court when the evidence is conflicting, unless the weight of evidence clearly preponderates against the verdict or decision of the court. (*Pinschower* v. *Hanks*, 18 Nev. 99; *Treadway* v. *Wilder*, 9 Nev. 67; *Carlyon* v. *Lannan*, 4 Nev. 156; *Covington* v. *Becker*, 5 Nev. 281; *Solen* v. *V. & T. R. R. Co.*, 13 Nev. 107; *Smith* v. *Mayberry*, 13 Nev. 427.)

III. While the sheriff has the power to appoint a jailer, the necessity for one must exist before the county would be liable for his compensation. The court below refused to find that a keeper of the jail of Lyon county, from August 1, 1885, to February 1, 1886, was necessary. The court was justified in refus-

ing to so find, from all the evidence in the case. (1 Dill. Mun. Cor. 290, Sec. 172.)

IV. It was competent for respondent to introduce resolutions showing that the board had fixed the compensation for a jailer. It was not mandatory upon the board to fix a monthly compensation. The per diem was greatly in excess of seventy-five dollars per month, and if the jailer had performed services during the entire six months described in the complaint he would have been entitled each month to the compensation provided at the rate of four dollars per day. (1 Dillon on Cor., 288, Sec. 170; *Commonwealth* v. *Bacon*, 6 Serg. & Raw. 322; *Barker* v. *Pittsburgh*, 4 Pa. St. 49.)

V. The sheriff in arresting a prisoner upon a requisition from the governor in a foreign state is treated as a private individual and not as sheriff. (*Mandeville* v. *Guernsey*, 51 Barb. 99.) An officer, as such, cannot go out of his judicial district to serve process. (*Washoe Co.* v. *Humboldt Co.*, 14 Nev. 123.) Officers can only demand such fees as the law has fixed and authorized for the performance of their official duties. (*Washoe Co.* v. *Humboldt Co.*, 14 Nev. 123.) The statute does not provide for the payment of fees for arresting prisoners out of the state, and the commissioners are not authorized to employ or to pay any person for performing such service. The fees allowed were an illegal charge against the county, and were undoubtedly allowed through mistake.

By the Court, HAWLEY, J.:

1. This cause was tried and determined upon the theory that the county commissioners have the right to declare that the compensation of a jailer shall be fixed *per diem* and confined to the times when prisoners are confined in the county jail. The statute prescribes a different method of determining this question. The sheriff of Lyon county was authorized by law to employ a jailer, for whose acts he is made responsible, (Gen. Stat. 2139,) and it is "made the duty of the county commissioners to allow * * * a fair and adequate monthly compensation for the services of all jailers by the sheriff employed or appointed." (Gen. Stat. 2140.) The commissioners having rejected the claim presented for the services of the jailer, and refused to make any allowance thereon, it was the duty of the

---

Points decided.

---

district court to determine, from the evidence introduced by the respective parties, what was "a fair and adequate monthly compensation" for the services performed by the jailer employed by the sheriff.

2. Respondent is not entitled to the offset allowed by the court. With a full knowledge of all the facts, and without any fraud or mistake, the commissioners, prior to the presentation of the claim for the services of a jailer, allowed a claim of one hundred and twenty dollars and forty cents for services rendered by the plaintiff in arresting a prisoner that had escaped from the Lyon county jail and fled to California. This was a voluntary payment of money for services actually performed. The rule is well settled that money voluntarily paid, with full knowledge of all the facts, although no obligation to make such payment existed, cannot be recovered back.

3. We are of opinion that in actions of this character the plaintiff is entitled to costs, notwithstanding the fact that the amount recovered is less than three hundred dollars, provided the amount recovered is more than the commissioners allowed. (Gen. Stat. 1964.) The judgment of the district court is reversed, and cause remanded for a new trial.