## HARALSON COUNTY *v.* GOLDEN *et al.*
## GOLDEN *v.* HARALSON COUNTY.

1. Where, in making payment for public work done for a county, the ordinary, by oversight and mistake of fact, pays the contractor more than was due under the contract, it is the right of the county to maintain an action for the recovery of the overpayment.

2. There was no error in allowing the petition, in an action brought by a county against several defendants to recover an overpayment of money to them in settling with them for the building of a court-house, to be amended so as to make the same allege that the plaintiff contracted with the defendants to build the house for a stated sum, and that the defendants had received upon county orders, issued and paid through the oversight and mistake of the ordinary and county treasurer, a specified amount in excess of that sum, to which the defendants were not lawfully entitled.

3. Where the defendants' answer to such a petition set up that one only of them had contracted with the county for the building of the court-house, and on that ground the other defendants prayed that they be discharged, it was erroneous to reject an amendment to the petition, alleging that at the time the money was paid by plaintiff's officers through mistake, as alleged, these codefendants had associated themselves with the other defendant "in the completion of the court-house as partners, and as such partners . . participated with [him] in the receipt of the money so paid."

4. If an ordinary by mistake issued and delivered orders on the county treasurer to a person not entitled to receive them, the mere fact that the ordinary, as the agent of this person, collected and disbursed the money paid by the treasurer on such orders, would not affect the right of the county to a recovery against the person to whom some of the orders had been unlawfully issued.

5. One who contracts with a county to build a court-house, and receives for the work more than is due to him, can not, in defense to an action against him for the overpayment, set up that the money was raised by a tax unlawfully levied and collected, and therefore did not belong to the county.

6. The court erred in directing a verdict in favor of two of the defendants.

Argued February 23, — Decided April 1, 1898.

Action for money had and received.　Before Judge Smith. Haralson superior court.　January term, 1897.

*Price Edwards* and *E. S. & G. D. Griffith,* for plaintiff.

*W. F. Brown, McBride & Craven* and *J. S. Edwards,* for defendants.

LUMPKIN, P. J.　At the trial of an action brought by Haralson County against C. W. Golden, W. F. Golden, and A. Rowell,

for $980.00, to whom the petition alleged, an overpayment had been made by the ordinary in a settlement with them for the building of a court-house, the court directed a verdict in favor of the two defendants last named, and the jury found for the plaintiff against C. W. Golden the amount claimed in the petition. The county, because of its failure to recover against two of the defendants, filed a motion for a new trial. The defendant C. W. Golden, being dissatisfied with the verdict rendered against him, also moved for a new trial. Both motions were overruled, and each movant sued out a bill of exceptions. The points involved, so far as we have been able to gather them from the record, are as below stated. In discussing them, we will not deal separately with the two writs of error, but will take up the questions presented in what appears to be their natural and logical order.

1. It can hardly be doubted that if an overpayment for public work done for a county be made to a contractor as a result of oversight, or of a mistake of fact on the part of the ordinary, it is the right of the county to recover back its money thus improperly disbursed. This is in accord with a plain and simple rule of natural right and justice which would be applicable to transactions between private individuals; and there is no more reason why a person should be entitled to retain money of the public, by mistake paid to him, than he would money in like manner unjustly obtained from a fellow-citizen.

2. The petition of the county, as originally filed, alleged in very general terms that the defendants were indebted to the plaintiff $980.00 "for money had and received, the same being an overpayment to them made by the ordinary of said county in a settlement for the building of a new court-house in said county." At the trial, the court, over the objection of the defendants, allowed an amendment to the petition, in substance setting forth that the plaintiff had contracted with the "defendant" to build a house for a stated sum, and that the "defendant" had received upon county orders, issued and paid to "them" through the oversight and mistake of the ordinary and county treasurer, a specified amount in excess of that sum. While the amendment used the word "defendant," we are in-

clined to think the pleader intended to use the word "defendants," because in the same connection he employed the plural pronoun "them," and there is nothing in the amendment to indicate a purpose to apply its special allegations to any particular one of the defendants.    There was, therefore, no error in permitting the plaintiff to make this amendment.    It was simply an amplification of the cause of action manifestly intended to be stated in the original petition.    *Ellison* v. *Georgia Railroad Co.*, 87 *Ga.* 691.

3. The defendants' answer set up that only one of them, viz. C. W. Golden, had contracted with the county for the building of a court-house, and on that ground W. F. Golden and A. Rowell prayed that they be discharged.    After this answer had been filed, the plaintiff offered to further amend its petition by alleging that at the time the overpayment in question was made, W. F. Golden and A. Rowell had associated themselves with C. W. Golden "in the completion of the court-house as partners, and as such partners  .  .  participated with the defendant C. W. Golden in the receipt of the money so paid." This amendment was rejected.    We think it should have been allowed.    The allegation as to the partnership may not have been material or necessary; but if W. F. Golden and Rowell participated with C. W. Golden in receiving county money to which none of them were entitled, we see no reason why the plaintiff should not have been permitted to so allege and have a recovery in accordance with the facts established by the evidence.

4. It appears that the ordinary issued and delivered to C. W. Golden orders upon the county treasurer as the work progressed.    The ordinary in his individual capacity, as agent for Golden, collected these orders and paid out the money thus realized under directions given to him by Golden.    We are at a loss to perceive how these unofficial acts of the ordinary could in any manner affect the right of the county to a recovery against the person to whom some of the orders had been inadvertently and unlawfully issued.    Certainly the ordinary, as a mere individual, could not ratify, and thus make binding upon the county, unauthorized acts done by him in his official capacity.

5. C. W. Golden undertook to set up as a defense that the alleged overpayment to him was made with money which had been raised by a tax unlawfully levied and collected; that therefore the same did not belong to the county, and consequently it could not recover this money back. There is no merit whatever in this position. One who receives and is liable to account for funds of a county realized from taxes voluntarily paid is estopped from denying that the money so received by him belonged to the county.

6. The court erred in directing a verdict in favor of W. F. Golden and A. Rowell. The result arrived at here necessitates a reversal of the judgment complained of in the county's bill of exceptions, and an affirmance of the judgment excepted to by C. W. Golden.

*Judgment in the one case reversed; in the other affirmed. All the Justices concurring, except Cobb, J., absent.*