## 10428, 10491.  BIRD *et al. v.* TALIAFERRO COUNTY *et al.*

The county treasurer's term of office expired before the first day of January, 1917, and he was not entitled on that day to receive from the tax-collector taxes collected in the preceding month, or to receive commissions on taxes so collected and in the hands of the collector on that day, the treasurer's office having been abolished by the act of August 12, 1915 (Ga. L. 1915, p. 363), which provided that the act should "not become operative until on and after January 1st, 1917," and that the county commissioners should at their regular meeting in January of that year select a bank to act as depository of the county funds. The allowance of such commissions by the county commissioners in a settlement with the treasurer on January 2, 1917, was unauthorized, and the commissioners were not estopped from proceeding to collect them back from him. It was proper for the court to direct that execution proceed against him for the amount stated therein and interest at 7 per cent. The "recommendation" of the judge to the commissioners, that, for reasons stated, a credit of the amount of these commissions be allowed by them on the execution, does not require consideration by this court.

DECIDED OCTOBER 14, 1919.

Affidavit of illegality; from Taliaferro superior court—Judge Walker. February 26, 1919.

It was contended on the part of Bird that he was still treasurer on January 1, 1917; that his term as fixed by law extended into that day; that he continued to hold office until his successor was elected and qualified as provided in the act of 1915, supra, and that he could not, by the failure of the tax-collector to pay over taxes collected in December, be deprived of commissions thereon. Counsel for Bird cited: Act of 1915, supra; Civil Code (1910), §§ 112, 564, 261, 587, 1211, 1214, 6599; 107 *Ga.* 362; 117 *Ga.* 288, 391; 114 *Ga.* 724; 23 Am. & Eng. Enc. L. (2d ed.) 397 (b) 410, 411; 123 *Ga.* 727, 730; 134 *Ga.* 287; 109 *Ga.* 827 (2); 52 *Ga.* 244; 38 Cyc. 318; 4 Words & Phrases, 2983; 145 *Ga.* 881-2 (7); 11 Cyc. 442 (d), 443; 29 Cyc. 1425 (e).

*Alvin G. Golucke, Davison & Lewis,* for Bird et al.

*Samuel H. Sibley, J. A. Beazley,* contra.

BLOODWORTH, J. Without the intervention of a jury and on an agreed statement of facts, this case was submitted to Judge Walker, who rendered the following judgment: "I find, as a matter of law, that the term of office of Mr. Bird as county treasurer expired with the last minute of the last hour of December 31, 1916, the act of 1015 [Ga. L. 1915, p. 363] having abolished the treasurer's office of said county, to take effect at said time; and therefore that he was not treasurer on January 1, 1917. Not being treasurer on January 1, 1917, I find that Mr. Bird was not entitled to receive from the tax-collector of said county the county taxes collected by said collector during December, 1916, which said tax-collector was bound to deliver on the first Monday in January, 1917, which was January 1, 1917, to the proper officials or treasury of said county. I find that in view of the foregoing facts the county commissioners, in their settlement with Mr. Bird on January 2, 1917, were not authorized to allow him commissions on said taxes which were in the hands of the tax-collector on January 1, 1917. Said commissioners being without authority in law to pay said Bird said commissions on said taxes in their said settlement with him, had on January 2, 1917, they may proceed to collect back from him the commissions on said taxes which were illegally allowed him in said settlement, and their said settlement does not estop them from so doing. I find, as a matter of law, that Mr.

Bird is not entitled to commissions on the sum of money he advanced from his own funds to pay county warrants, but because I know same to be a practice followed in a large number of counties in Georgia,—for the treasurer to finance the county from his own funds when county funds become exhausted,—and because it works no hardship on the county to pay commissions on said funds to the officers making such advances, as they would have to pay commissions later to the officer handling such county warrants with county money, I recommend that the commissions on said sum of $2194.88, in the amount of $54.87, be credited by the county on the fi. fa. which I herein later authorize to proceed. I find that since Mr. Bird had a settlement with the county commissioners on January 2, 1917, and on that date paid them all they demanded of him at that time, he is not a defaulter within the meaning of the law placing a penalty of 20 per cent. interest on defaulting treasurers, and that the county is not entitled to 20 per cent. interest, but is entitled to 7 per cent. interest on said sum of $186.73. In view of these findings of law, it is the judgment of the court that the fi. fa. proceed for the collection of the sum of $186.73, with seven per cent. interest thereon from————. It is the recommendation of the court, for the reason above set out, that said fi. fa. for said amount of $186.73 be credited with the sum of $54.87, being the amount of commissions which might have been earned in handling said sum of $2,194.88, which Mr. Bird used out of his own funds to help finance the county."

We construe this judgment to mean that the execution proceed for $186.73, with seven per cent. interest thereon, and that what is said in reference to the $54.87 is only a recommendation. This being true, we are not called upon to consider the "recommendation." We agree with the judge in his finding of law, that the execution should proceed for $186.73, with interest thereon at seven per cent.

*Judgment on both bills of exceptions affirmed. Broyles, C. J., and Luke, J., concur.*