## 29948. SANDERS v. WILKINSON COUNTY.

DECIDED JULY 16, 1943.

*Victor Davidson, M. H. Blackshear,* for plaintiff in error.

*Alex S. Boone Jr., E. F. Taylor, G. B. Asbell,* contra.

MacIntyre, J. 1. There were special demurrers to each of the following paragraphs of the petition: 5 and 6, which allege illegal payment of turnkeys; 7, which alleges illegal payment for serving subpœnas to appear before the grand jury; 9, which alleges illegal payments for attending certain inquests and impaneling juries; 10, which alleges illegal payments to defendant of certain sums for deputy sheriff; 11, which alleges illegal payments for attending lunacy trials.

The first of the grounds of the special demurrers to these paragraphs being that each of said paragraphs shows no right to the money therein set out and claimed, and does not show any legal indebtedness by the defendant to the plaintiff.

No actual fraud is alleged in the petition. Whether or not the illegal or erroneous charges for items of costs were made by the sheriff knowing they were illegal, or whether they were made in good faith by mutual mistake of the sheriff and county commissioners, or whether or not they were paid to the sheriff on warrants drawn by the commissioner, would not prevent the county from bringing suit for the recovery of costs illegally paid within the period of the statute of limitations. And where in a legal proceeding against the sheriff for the recovery of alleged illegal charges (as well as in a proceeding by him to enforce collection) the burden

always rests upon the sheriff, or as for that matter, any other county or state officer, who charges items of cost, to show the authority of the law so to do. He must show that the charges are expressly and specifically provided for by statute. *McAlpin* v. *Chatham County*, 26 *Ga. App.* 695 (107 S. E. 74).

It can not be said in the instant case that on account of the absence of the purpose for which the cost items were paid under a judgment of the county commissioners there was a presumption that the items were for lawful purposes, for here the petition is not silent as to the alleged illegal items of cost but each cost charge is specifically itemized, and the purpose for which each item was drawn is shown and the purpose is alleged to be illegal. *Franklin County* v. *Crow*, 128 *Ga.* 458, 464 (57 S. E. 784). See, in this connection, *Thompson* v. *Shurling*, 184 *Ga.* 836 (193 S. E. 880). Thus under the rule stated, and the further rule that for the purposes of the demurrer, we must accept as true the allegations of the petition, we do not think that these paragraphs of the petition are subject to the first ground of the special demurrer. *Bird* v. *Taliaferro County*, 24 *Ga. App.* 271 (100 S. E. 721); *Haralson County* v. *Golden*, 104 *Ga.* 19 (30 S. E. 380).

The defendant contends, and raises the point by demurrer, that copies of the county warrants upon which a part of the action is based should be set out in the pleading. While the petition as now constituted sets out specifically the services separately, item by item, and the amount of the alleged illegal costs collected therefor, and further sets forth that these items of cost were paid under an itemized warrant of the county commissioners, giving the number of the warrant and the date upon which it was drawn on the county depository, yet it seems to us, that the plaintiff's cause of action as here alleged is for the recovery of illegal costs paid to the sheriff within the period of the statute of limitations, which the defendant, by his demurrers filed in this case, says is four years. If the cause of action were based upon written contracts, to wit: Warrants drawn by the commissioners on the county depository, the statute of limitations would be six years, instead of four. The warrants would of course be evidence in the case, but the plaintiff is not required to spread out his evidence in his petition. The petition plainly, fully, and distinctly sets forth a cause of action. We, therefore, do not think that it is necessary to attach a copy of the warrants.

2. In regard to the contention of the defendant in the general demurrer that the right to bring this suit "is in the ordinary rather than the commissioners," the general law of Georgia, as contained in the Code, § 23-701, provides: "The ordinary, when sitting for county purposes, has original and exclusive jurisdiction over the following subject-matters, to wit: 1. In directing and controlling all the property of the county as he may deem expedient according to law." But the constitution provides: Code, § 2-4601, that "The General Assembly shall have power to provide for the creation of county commissioners in such counties as may require them, and to define their duties." This section should be construed in connection with section 2-8401 of the Code, which is also a constitutional provision and reads in part as follows: "Whatever tribunal, or officers, may hereafter be created by the General Assembly for the transaction of county matters, shall be uniform throughout the State, and of the same name, jurisdiction, and remedies, except that the General Assembly may provide for the appointment of commissioners of roads and revenues in any county. . ." Commissioners of roads and revenues and county commissioners are terms used interchangeably in the constitution. *Rhodes* v. *Jernigan*, 155 *Ga.* 523 (117 S. E. 432).

The act of 1933 (Ga. L. 1933, p. 777), creating a Board of Commissioners of Roads and Revenues of Wilkinson County, Georgia, provides, among other things, as follows: "Be it enacted by the General Assembly of Georgia and it is hereby enacted by the authority of same, that from and after the first day of March, 1933, there shall be established in and for the County of Wilkinson, a Board of Commissioners of Roads and Revenues, consisting of five members as follows: F. M. Fountain, P. M. Jackson, C. C. Johnson, James E. Hollimen, and G. M. Toney, . ." and in section 6 of said act it is further provided "That said board shall have exclusive jurisdiction, when sitting for county purposes, over all matters concerning county property, county taxes, general and special; in establishing and changing militia districts and election precincts; in examining, auditing, and allowing all claims against the county; in examining, auditing, and settling the accounts of all officers having the care, management, collection, keeping, and the disbursement of money belonging to the county or appropriated to its use and benefit; in making rules and regulations for the sup-

port of the poor of the county, in establishing, altering, and abolishing roads, bridges, and ferries; in carrying out any and all of its details and enforcement of the road laws." The contention of the plaintiff in this ground of the demurrer that it was the right of the ordinary rather than the board of commissioners to bring this action is not meritorious.

3. The demurrer to the petition on the ground that there was a misjoinder of causes of action in said petition is not meritorious. The Code, § 3-113, provides: "All claims arising ex contractu between the same parties may be joined in the same action. . ." *Read* v. *Glynn County*, 145 *Ga.* 881 (3) (90 S. E. 60); *Tygart* v. *Albritton*, 5 *Ga. App.* 412 (63 S. E. 521); *Cason* v. *Tye*, 9 *Ga. App.* 325 (71 S. E. 593).

4. Paragraph 14 of the petition is as follows: "That the said defendant has collected by virture of his office as sheriff of said county a named sum out of the fines paid arising out of cases tried before the ordinary of said county, on State Patrol cases, which said amount was over [and] above the ordinary's cost and the sheriff's cost, and which said sum the said defendant retains, and fails to pay the same to your petitioner, an itemized statement of same being hereto attached, marked as 'Exhibit H,' and made a part of this petition." Since the present case has been in this Court, the legislature has passed the following act: "The sheriffs of the several counties of this State be, and the same are hereby declared to be entitled to an arresting fee, as now provided by law, in all cases in which the sheriff or his lawful deputy arrests, assists in arresting or takes custody of any person charged with crime who has been apprehended by the State patrol and delivered to the sheriff or his lawful deputy. All such arresting fees heretofore paid to the sheriffs of the several counties of this State are hereby and herewith validated and effectuated, and the sheriffs of the several counties of this State be, and the same are hereby, declared to be entitled to fees for services herein enumerated which have been rendered since the passage of the act creating the Department of Public Safety for Georgia. If the sheriff be upon a salary the fee shall be paid into the County Treasury." This act was duly approved by the Governor and amends the act creating the Department of Public Safety for Georgia as it relates to fees already paid to the sheriff, and which the defendant contends would vitally affect his demurrer to

paragraph 14 of the petition and to the petition as a whole. We are therefore affirming the judgment of the court below in overruling the demurrers, with the direction that the defendant be allowed to show, if he can, that the provisions of the act of 1943 are applicable to the proceedings in this case, and that the lower court have leave to take such cognizance of the act of 1943 as is proper, subject to review as provided by law.

*Judgment affirmed, with direction. Broyles, C. J., and Gardner, J., concur.*