28836. CUTRIGHT *et al.* v. NATIONAL UNION FIRE INSURANCE COMPANY.

DECIDED JUNE 21, 1941.

174

*Stanford Arnold,* for plaintiffs.

*Smith, Smith & Bloodworth, Walter D. Sanders,* for defendant.

MacIntyre, J.   The plaintiffs sued at law on a written contract

of fire insurance, in the city court of Newnan which is a court of law and can not administer affirmative equitable relief. The grounds of demurrer mentioned above are "(a) No cause of action is set forth against the defendant. (b) There is no privity of contract by the plaintiffs and the defendant. (c) There is no proper party plaintiff in said case." Here there was a fire-insurance policy in writing naming the defendant insurance company as one party and A, whose property was described therein as being insured, as the other party. The plaintiffs in this suit were not mentioned in said policy. Code, § 56-801, declares: "The contract of fire insurance is one whereby an individual or company, in consideration of a premium paid, shall agree to indemnify the assured against loss by fire to the property described in the policy, according to the terms and stipulations thereof. Such contract, to be binding, shall be in writing; but delivery shall not be necessary if, in other respects, the contract shall be consummated." A memorandum sufficient to satisfy the statute of frauds is not always sufficient compliance with Code, § 56-801, requiring that the entire contract for fire insurance be in writing. Coffin v. London & Edinburgh Ins. Co. (D. C. Ga.), 27 Fed. 2d, 616. A plaintiff, "when it shall become necessary for the purpose of enforcing the rights of such plaintiff, . . may amend by substituting the name of another person in his stead, suing for his use." Code, § 81-1307. "Although a plaintiff having a right of action against another may sue for the use of any person whom he may designate to take the proceeds of the action, a plaintiff having no right of action at all can not recover either for his own benefit or for the use of any one else." Terrell v. Stevenson, 97 Ga. 570 (25 S. E. 352); Wright v. Continental Insurance Co., 117 Ga. 499, 501 (43 S. E. 700). If the petition in the instant case is construed on the theory that the suit is brought in the name of A for the use of B, C, and C's children (the plaintiffs), and the facts show that A has settled his claim against the insurance company and has surrendered the policy, then A has no cause of action against the defendant, and in such a case A can not any more sue for the use of B, C, and C's children than for his own use. Nor can the plaintiffs bring the suit in the name of A as the nominal party for their own use, for a cause of action must be shown to exist in favor of the nominal party. Jones v. Reed, 58 Ga. App. 72 (2) (197 S. E. 665). See

in this connection *Wheeler* v. *Stapleton,* 99 *Ga.* 731, 732 (27 S. E. 724). The petition under such a theory is not maintainable against the demurrer.

If the suit be construed as being brought in the name of the plaintiffs alone, which would prevent the application of the above-stated rule, we have a suit brought on a written contract of fire insurance in which there is no reference to the plaintiffs. The plaintiffs are strangers to the contract as written. Then, how do the facts alleged seek to connect the plaintiffs with the contract? The plaintiffs say by estoppel, in that the company received premiums from A, the only person named in the policy as the insured, when the company knew the property described in the policy belonged to A and the plaintiffs jointly. Estoppel is not a substitute for reformation. Jacobs *v.* Merchants Fire Assur. Cor. of N. Y., (C. C. Ga.), 99 Fed. 2d, 655, 657. Estoppel is negative (thou shalt not). It is not creative (thou shalt). *Life & Casualty Insurance Co. of Tenn.* v. *Carter,* 55 *Ga. App.* 622, 626 (191 S. E. 153). In the cases cited by the plaintiffs, the insurance companies were estopped from defeating or changing the policies as written. This is a different thing from the creating or reforming by estoppel of a contract required to be in writing and the estoppel by which it is proposed to reform the contract is sought to be proved by parol evidence. Here, the plaintiffs are in effect saying: "Thou shalt create for us a written policy by inserting therein our names as the owners of the insured property along with the name of A, the only person named therein as owner of the insured property." The policy as written can not be transformed by estoppel.

The written contract on which the suit is brought makes no reference to the plaintiffs, or to any other contract which would indicate any connection between the plaintiffs and the company, or between the plaintiffs and A, the only person named in the policy as the insured. When A settled his interest in the policy and surrendered it, he was out of the picture. If the plaintiffs were desirous of asserting a cause of action against the company through their connection with A as a connecting link, this could not be done for when A settled all his interest in the policy it broke the link and severed the connection, if any, between the company and the plaintiffs. There is no privity of contract between the plaintiffs and the defendant, and hence no proper party plaintiff in the

case, and if the plaintiffs had no cause of action against the defendant under the policy the receipt signed by A could give them no right of action against the company which they did not have before. If on account of fraud, accident, or mistake the writing fails to express the true agreement, and a reformation could be had in a court of equity, such affirmative relief can not be granted by city courts in Georgia, which are courts of law.

The plaintiffs rather indicated in their brief the contention that they might recover on their petition as for money had and received. The right to maintain an action for money had and received "can be maintained only to recover either money or the equivalent of money. In order to maintain an action for money had and received it is necessary to establish that defendants have received money belonging to the plaintiff or to which he is in equity and good conscience entitled. It is not sufficient to show that they have by fraud or wrong caused the plaintiff to pay money to others or to sustain loss or damage." 2 Elliott on Contracts, 623, § 1375. But even if it be said that the company received the premiums from A when they knew the property belonged to A and the plaintiffs jointly, this suit is for damages for the loss of a house occasioned by fire, and can not in any sense be construed as a suit for the recovery of money "had and received" or the equivalent thereof.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*