36476.  CLOPPAS *et al. v.* CITIZENS & SOUTHERN
BANK OF ALBANY.

Decided February 27, 1957—Rehearing denied
March 13, 1957 and March 27, 1957.

*Smith, Gardner & Kelley,* for plaintiffs in error.

*Farkas, Landau & Davis, Leonard Farkas,* contra.

QUILLIAN, J. 1. We will first consider whether the trial judge erred in overruling the general demurrer to the petition. The petition alleged, that, upon learning that the check had been refused, the plaintiff notified Maynard, who immediately returned the automobile to the defendants; that the defendants took control and possession of the automobile and sold it to a new purchaser. The acceptance of the automobile and its resale to a new purchaser would constitute an abandonment of the sale contract and place the parties in their original positions. *Eaves & Collins* v. *Cherokee Iron Co.* 73 *Ga.* 459; *Ford* v. *Smith,* 25 *Ga.* 675. Having accepted the return of the automobile, the defendants would not be entitled to also retain the purchase price of the automobile.

The plaintiff alleged that it cashed the check through a mistake of fact of its bookkeeper that the check, drawn by Maynard on a California bank, had been paid. An action for money had and received will lie for money paid under mistake of a material fact, and which in equity and good conscience belongs to the party who paid it, and can not be retained justly by the party who received it. *Werner* v. *Rawson,* 89 *Ga.* 619, 629 (15 S. E. 813). A mistake of fact exists when a material fact which really exists is unknown or when some fact is supposed to exist which really does not exist. 27 Words & Phrases 384. The petition clearly alleged that the check was cashed under the mistake of fact that the check had been paid by the California bank. The defendants having accepted the return of the automobile, they were not entitled to the retention of the proceeds of the check and could not justify retaining such money.

The petition set forth a cause of action for money had and received, and the judge did not err in overruling the general demurrer to the petition.

2. "An assignment of error on a judgment striking an answer can not be made in a bill of exceptions assigning error on a judgment overruling a general demurrer to a petition. *Wright* v. *Morris,* 50 *Ga. App.* 196 (3) (77 S. E. 365)." *Cooledge* v. *Casey,* 58 *Ga. App.* 134, 137 (198 S. E. 96). In this case there was no final judgment and this court is without jurisdiction to pass on whether the trial judge erred in sustaining the demurrer to the answer of the defendants.

3. The defendants' special demurrers are without merit and the judge did not err in overruling them.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*