45815.   DEPARTMENT OF PUBLIC HEALTH v. PERRY.

WHITMAN, Judge. The State brings this action for money had and received against an individual, Mrs. Christine T. Perry, d/b/a

Rest Haven Nursing Home. The complaint alleged that Rest Haven Nursing Home was a participant in the "Georgia Department of Public Health Plan for Medical Assistance Program," commonly referred to as the Georgia Medicaid Program, but that said home was removed from the approved participating list for the program on February 7, 1968, because of various program and structural defects. It was alleged that no further payments should have been made to the defendant, but that through mistake certain amounts were erroneously paid; that demand has been made upon defendant for refund, but that defendant refused to respond to the demand.

The defendant answered by denying the material allegations and further answered that "she did not receive any notice of her removal from the approved participating list, and that all of the patients that she was payed [sic] for stayed in the Rest Haven Nursing Home during the time that she was payed [sic] for keeping them; and further shows to the court that she kept said patients for months after plaintiff stopped paying for same, and that in reality plaintiff is indebted to her in many thousands of dollars."

A motion for summary judgment was made by the plaintiff. This motion was denied but was certified for review and is enumerated as error on this appeal. *Held:*

1. We have reviewed the pleadings, affidavits, exhibits and depositions which were before the trial court for consideration in connection with the motion.

The only matter upon which an issue of material fact is sought to be raised is that of whether defendant was given notice of the fact that the participation benefits would be discontinued.

A regulation of the Department of Health provides that "If at any time it is determined that a nursing home does not meet the standard for participation in the provision of skilled nursing care, the nursing home will be given written notice that it is no longer eligible for continued participation . . ." § D-6400 (3) (6).

On January 4, 1968, a letter addressed to defendant was sent to her by certified mail, with return receipt requested, notifying her that because of deficiencies in her operations and facilities

she was no longer eligible for participation and that from and after February 7, 1968, the payments would be stopped. A return receipt for the letter was duly received by plaintiff, showing delivery of the letter to Carmen Irwin, who testified by deposition that she was employed by the defendant at the time, that she did receive and receipt for the letter, signed the return receipt and placed the letter in the office where it was usual and customary to place all mail addressed to the defendant; that she often signed for and received registered and certified mail addressed to the defendant, but that she did not have authority to open or read defendant's mail and did not do so.

Defendant testified that she never saw or read the letter and knew nothing of it.

Our view of the matter is that since the plaintiff has shown that it did all that might reasonably have been expected of it in the giving of the notice, and that the letter was actually delivered to defendant's place of business and receipted for by one of her employees whose duties included the receiving of the mail and who placed the letter in the place where it was usually and customarily placed, it is immaterial whether defendant ever opened, read or acquainted herself with its contents. Plaintiff could do no more than to deliver or cause the notice to be delivered; it could not force the defendant to read it. We find no case adjudicating this issue under the regulation here involved, but by analogy we are upheld in this view by *Dunn v. Royal Bros. Co.,* 111 Ga. App. 322 (141 SE2d 546), where we held service on a corporation under the Nonresident Motorist Act of Florida accomplished when the registered letter addressed to the corporation was delivered to and receipted by an employee of the company who failed to deliver it to any responsible agent or official of the company or to inform them that he had received and signed for the letter. Accord, *Mull v. Taylor,* 68 Ga. App. 663 (23 SE2d 595), where the defendant refused to accept the registered letter and directed its return to sender. Cf. *Steelman v. Associates Discount Corp.,* 121 Ga. App. 649 (175 SE2d 62), where there was statutory requirement to give reasonable notice, and it was held that the use of certified mail, return receipt requested, was the giving of reasonable notice as a

matter of law even if the testimony disclaiming receipt or knowledge be accepted as true.

Cases dealing with the sending of notices by ordinary mail and the requirements of proof for raising a presumption of delivery to the addressee, and of overcoming the presumption by testimony of the addressee that he did not in fact receive the letter are inapposite here.

There is no issue as to the amount of the payments sent after the effective date of the notice. The paid checks, endorsed by defendant, are in evidence.

2. In short, the defendant's nursing home was inspected, found to be deficient in certain respects, and she was informed of them and given opportunity to make corrections. She did nothing and after the time for making corrections elapsed, she was given notice (by certified mail) of termination of benefits, to be effective in 30 days and requested to notify all patients in the home of the State's action so that they might make other arrangements. Again she did nothing. In the normal course of things she should have received no payments from the State after February 7, 1968—the termination date contained in the notice. However, through error in the accounting division of the State Health Department the checks for benefits for participation in the State's nursing home program continued to be mailed to defendant until the end of May, 1968—totaling $5,672.81, and she accepted and used them instead of returning them as was her duty.

There can be no doubt of the State's right to a refund of money paid out through mistake under the time-honored and well recognized principle that one may not retain money or goods which have come into his hands through mistake and which he is not, in good conscience, entitled to retain. *Whitehead v. Peck*, 1 Ga. 140; *Citizens Bank of Fitzgerald v. Rudisill*, 4 Ga. App. 37 (60 SE 818). And see annotations *Code* § 3-107 and *Code Ann.* § 81A-308. That the mistake occurred through some negligence of the complaining party does not avoid the duty of the party receiving the money or goods to return them—unless the negligence amounted to a breach of some legal duty. *Dobbs v. Perlman*, 59 Ga. App. 770 (2 SE2d 109). If the funds had been paid without having given the lawful notice of termination it

might be said that a breach of legal duty had occurred—even though under the law defendant, failing to maintain standards required by law, was not entitled to receive the money. This principle would apply as between private individuals.

But we have found no authority for applying it (even if the facts supported it) against the State. The unauthorized actions of its agents or officials cannot bind or estop the State, be they negligent or intentional in character. *Code* § 89-903; *Booth v. State of Ga.,* 131 Ga. 750, 759 (63 SE 502); *State v. Paxson,* 119 Ga. 730 (46 SE 872); *Standard Oil Co. of Ky. v. State Revenue Commission,* 179 Ga. 371 (176 SE 1); *Waller v. State Hwy. Dept.,* 218 Ga. 605 (129 SE2d 772). See also *Bird v. Taliaferro County,* 24 Ga. App. 271 (100 SE 721); *Sanders v. Wilkinson County,* 69 Ga. App. 676, 680 (26 SE2d 467); *Haralson County v. Golden,* 104 Ga. 19 (1, 5) (30 SE 380).

There is no genuine issue of fact here and under the law the Department of Health was entitled to a summary judgment.

*Judgment reversed. Hall, P. J., and Eberhardt, J., concur.*

Submitted January 11, 1971—Decided May 24, 1971.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Alfred L. Evans, Jr., Robert S. Bomar, Assistant Attorneys General,* for appellant.

*Murphy & Murphy, Thomas B. Murphy,* for appellee.