## 52733. STATE OF GEORGIA v. MacDOUGALL.

McMurray, Judge.

This is an action to recover approximately $10,000 paid to Ellis MacDougall ostensibly as a part of his salary as Director of the Board of Corrections during the fiscal year 1972-1973. This amount of money represented an increase in his salary granted the defendant by a resolution of the Georgia Board of Corrections. The state contended that his salary was established by law and that the board of corrections acted without legal authority when it promulgated the resolution granting the defendant's salary increase and that the defendant is required to return the money received.

Based upon the fact that there was no genuine issue of material fact since the defendant admitted that he received the salary increase and that the salary increase was granted by action of the board of corrections, the state moved for summary judgment, which was denied after a hearing. The court therein expressly found that the salary of the director of corrections was set by law; that the salary increase was effected by resolution of the board of corrections; that the board did not have the power to increase the salary of the director and that the state had the right to collect such an overpayment and is not estopped by the negligence or individual acts of governmental officials acting beyond the scope of their authority. But the court then held that it was a matter for determination by a jury as to whether the defendant may in equity and good conscience retain the benefit he had received by virtue of the unauthorized act of the board of corrections, a public agency. An interlocutory appeal having been granted, the plaintiff appeals. Held:

1. The salary of the director of corrections is required to be set by law. Code Ann. § 2-3401 (Constitution of 1945). The amount authorized by law for the fiscal year

1972-1973 did not include the $10,000 in question. Code Ann. § 77-305 (Ga. L. 1956, pp. 161, 170; 1966, pp. 121, 122). Said amount was set at $22,600 (including subsistence allowance).

A bill was introduced in the 1972 General Assembly which would have increased the salary of the director of the board of corrections but same failed to pass the General Assembly. Thereafter, the board authorized the increase, but even though the board of corrections is a constitutional board (see Code Ann. § 2-3401, supra) nevertheless it had no authority to provide for the increase in salary which had been set by law.

2. Members of the board and the director being well aware that the salary had been set by the General Assembly as "provided by law," and it thereafter refused to increase it, the defendant was well aware of the possible illegality in receiving said salary increase.

3. The state is not estopped to recoup this public money unlawfully paid out and expended by the unauthorized acts of state officials. See *Revels v. Tift County,* 235 Ga. 333 (219 SE2d 445); *Richmond County v. Pierce,* 234 Ga. 274, 279 (215 SE2d 665); *Henderson v. Carter,* 229 Ga. 876 (195 SE2d 4); *Blackmon v. Ga. Independent Oilmen's Assn.,* 129 Ga. App. 171 (198 SE2d 896); *Employees Retirement System v. Lewis,* 109 Ga. App. 476 (136 SE2d 518).

4. One cannot do indirectly what the law clearly states one cannot do directly. There exists no issue of fact which may be heard by the jury which would authorize the defendant in equity and good conscience to keep the overpayment. *Dept. of Public Health v. Perry,* 123 Ga. App. 816 (182 SE2d 493); *Cloppas v. C. & S. Bank of Albany,* 95 Ga. App. 365 (98 SE2d 153); *Bragan v. Lumbermen's Mut. Cas. Co.,* 59 Ga. App. 862 (2 SE2d 189).

*Judgment reversed. Marshall and Smith, JJ., concur.*

ARGUED SEPTEMBER 9, 1976 — DECIDED SEPTEMBER 21, 1976 — REHEARING DENIED OCTOBER 7, 1976 —

*Arthur K. Bolton, Attorney General, Don A. Langham, Deputy Attorney General,* for appellant.
*Paul L. Hanes,* for appellee.