## 52752. J. C. PENNEY COMPANY, INC. v. WEST.

DEEN, Presiding Judge.

Appellee West, after working some months for J. C. Penney Co. became eligible and elected to join its profit sharing plan on April 1, 1972. He further chose to allow

the employer to deduct six percent from his monthly wages, which sum was to be placed in the plan with matched funds of the employer at the rate of fifty percent, the interest to be vested after a year. West terminated his employment October 13, 1972, having paid in slightly over $200. In November and December he received from the company a check for $1,415, a check for $213 and a closing statement showing personal contributions, of $4,102, and shares of J. C. Penney stock which he sold for $11, 244. In March the employer plaintiff discovered that the records of the appellee, whose employment had been in Georgia and Florida, had been confused with the records of a California employee also named Charles B. West, and that the pension plan sent him was in error as computed on funds accruing to the other employee, who had enjoyed a long tenure of service. Upon West's refusal to return the money the appellant sued him for money had and received. At the close of the plaintiff's evidence, the defendant moved for a directed verdict on the grounds that the plaintiff's mistake is not one for which equity will grant relief, that the subject of the action is not the property of the plaintiff, and, third, that not being money it cannot be recovered. The motion was granted and plaintiff appeals. *Held:*

1. It is true that a part of the pension fund sent the defendant was not money but stock which was immediately converted into money. The right to maintain an action for money had and received can be maintained to recover either money or the equivalent of money. *Cutright v. National Union Fire Ins. Co.,* 65 Ga. App. 173, 177 (15 SE2d 540). Stock which has an established value, is readily convertible into money, and is in fact converted before the action is brought, may be the subject of this form of action. 58 CJS 911, Money Received, § 2. See also *Barlow v. Stalworth,* 27 Ga. 517.

2. An action for money had and received lies in all cases where another has received money which the plaintiff ex aequo et bono is entitled to recover and which the defendant is not entitled to retain. *Fain v. Neal,* 97 Ga. App. 497 (103 SE2d 437). Although legal in form, being an action in implied assumpsit, it is founded on the equitable principle that no one ought to unjustly enrich himself at

the expense of another, and it is a substitute for a suit in equity. *Davis v. Holloway,* 81 Ga. App. 158 (58 SE2d 234). It is the appropriate remedy where one wrongfully receives and retains the money of another. *Dell v. Kugel,* 99 Ga. App. 551 (109 SE2d 532). "The negligence of the complaining party, preventing relief in equity, is that want of reasonable prudence, the absence of which would be a violation of legal duty. Relief may be granted even in cases of negligence by the complainant, if it appears that the other party has not been prejudiced thereby." Code § 37-212. Thus, where one was overpaid for stock, an action accrued to the party who had been forced to pay the difference in value in *Dobbs v. Perlman,* 59 Ga. App. 770 (2 SE2d 109). And where a nursing home was through inadvertence refunded money from the Georgia Medicaid Program to which it was not entitled, the state had a right to demand repayment of the amount. *Dept. of Public Health v. Perry,* 123 Ga. App. 816 (182 SE2d 493). In the present case the defendant, because of confusion between the identical names of two employees, received a large sum of money to which he had no claim of right, and which he could not possibly in good conscience retain, at least so far as the plaintiff's evidence on the trial of the case reveals. Accordingly, he was not entitled to a directed verdict on this ground at the conclusion of the evidence.

3. The third ground of the motion, that the plaintiff was not the true owner of the fund, is more difficult of decision. From the evidence before the jury it is hard to determine whether legal title to the accrued pension plan fund rests in the plaintiff corporation or in some subsidiary thereof. At the conclusion of the plaintiff's evidence, and after the defendant's motion for directed verdict, counsel for the plaintiff addressed the judge: "With reference to the portion of his motion based on the ground that the proper party is not J. C. Penney Company, you recall the Court reserving to us the right to introduce some evidence on that." The court concurred, following which the plaintiff *without the jury being present* put up one of its officers, a vice president, who testified that the fund was administered by five vice presidents of the company and this committee directs the

trustees to issue cash and stock to the employee entitled on behalf of the Penco plans committee, that the money is the money of the corporation, that the responsibility of the trustee is to accept and invest contributions in accordance with the committee directions, that the checks issued the defendant were probably those of a named bank issued by its trust department, etc.

Whether or not legal title to the money received by the defendant was in the plaintiff or in trustees selected by it does not appear from the evidence before the jury. What does appear is that in either event, unless the defendant produces other evidence in his favor, he is not entitled to retain the fund; also that the money involved either belongs to or is provided and administered by the plaintiff for the uses set out in the pension plan. Under these circumstances Code § 81A-117 (a) would control. It provides in part: "Every action shall be prosecuted in the name of the real party in interest. . . No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." Although the action of the trial court consisted of directing verdict rather than dismissing the party plaintiff, we feel that the same rule of law should apply. The plaintiff (if this was in fact the ground on which the verdict was directed, which we can only surmise) was entitled either to have the evidence of ownership considered by the jury, or given an opportunity to amend by joining the trustees or showing that this was an action for their use.

The evidence properly before the jury shows that the fund in question was generated by the plaintiff, and administered under its direction, and fails to demand the conclusion that it had relinquished all title thereto.

The trial court erred in granting the motion for directed verdict and thereafter denying the motion for a new trial.

*Judgment reversed. Quillian and Webb, JJ., concur.*

ARGUED SEPTEMBER 15, 1976 — DECIDED OCTOBER 5, 1976 — REHEARING DENIED OCTOBER 22, 1976 —

*Barham & Bennett, Ed G. Barham,* for appellant.
*Blackburn & Bright, J. Converse Bright,* for appellee.