### 32742. HAYES v. GORDON et al.

HILL, Justice.

The seller of residential real estate sued to cancel a warranty deed he had given the purchaser of that real estate, to cancel a deed to secure debt the purchaser had granted to a mortgage company, and for rent from the purchaser. The closing attorney delivered a check for $14,373 drawn on his firm's account to the seller at the closing on November 7, 1974. The check was dishonored due to insufficient funds. This suit was filed February 17, 1976, after efforts to collect from the closing attorney were unsuccessful.[1] The trial court granted the motion for summary judgment by the mortgage company and denied the seller's motion.

---

[1] The closing attorney's license to practice has been revoked. The state Bar has established a clients' security fund to protect a person against loss caused by a dishonest attorney acting as an attorney or a fiduciary.

The trial court found and the parties agree that the closing attorney was performing in accordance with a closing statement referred to by the parties as an escrow agreement. The statement/agreement set forth the names of the purchaser and seller, the location of the real estate, the date, and the purchase amount. It then set out the amounts to be disbursed for sales commission, transfer tax, recording and cancellation fees, discount, taxes, loan payments, closing costs and processing fee. The net balance due to the seller after these deductions was then set out. The agreement contained this statement: "I have read the above and hereby authorize [the closing attorney] to make proper disbursements in my behalf as outlined above." It was signed by the seller and the purchaser.

1. The seller contends that the closing attorney did not have authority under this agreement to receive money from the purchaser on the seller's behalf. We disagree. The agreement clearly authorized the closing attorney to make disbursements on behalf of the seller of the expenses listed as well as the net amount due to the seller. The agreement thus authorized the closing attorney to receive the amount stated as the purchase price, so that the disbursements could be made. Therefore, the seller impliedly, but clearly, authorized the closing attorney to receive payment from the purchaser on the seller's behalf.

2. The rule is that when a creditor authorizes a third party to receive payment for an obligation and, aware of that authorization, the one obligated makes such payment, the creditor must look to the third party for satisfaction. *Hurst v. Whitly,* 47 Ga. 366 (1872); *Maloof v. George,* 22 Ga. App. 82 (95 SE 310) (1918); 3 CJS 329, Agency, § 457a (1973); 3 AmJur2d 629, Agency, § 265 (1962); Annot. 49 ALR3d 843. See Code Ann. § 20-1001. Applying that rule to this case we find that when a seller authorizes a closing agent to receive payment of the sales price and the buyer, aware of that authorization, makes such payment to the closing agent, the seller must look to the closing agent for satisfaction. Compare *Collins v. Norton,* 136 Ga. App. 105 (220 SE2d 279) (1975); Restatement, Agency 2d, § 62; Annot. 15 ALR2d 870

(1951); Pindar, Ga. Real Estate Law § 27-15 (1971).

It follows that the trial court did not err in granting the defendant's motion for summary judgment nor in denying the seller's motion.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 21, 1977 — DECIDED OCTOBER 21, 1977.

*Felker W. Ward, Jr.,* for appellant.

*Smith, Cohen, Ringel, Kohler & Martin, Kenneth L. Millwood,* for appellees.