60835. SUN FEDERAL SAVINGS & LOAN ASSOCIATION v. MANNY.

BANKE, Judge.

This is an appeal from an order granting summary judgment to the defendant in a suit by the plaintiff, a savings and loan association, to collect an alleged indebtedness in the amount of $2,170.83.

The following facts were stipulated: The defendant executed two notes to the plaintiff, one in 1974 for $11,500 and one in 1975 for $5,000. Both were secured by the pledge of the defendant's passbook savings account. The defendant made two payments on the $11,500 note, reducing the principal balance to $1,986.27. On February 23, 1976, she instructed the plaintiff by telephone to close her savings account, pay the outstanding balances on the notes, and remit the balance to her. The plaintiff thereupon closed the savings account, deducted $428.04 as a penalty for early withdrawal, paid the $5,000 note in full, and forwarded the balance to her. The notes were also forwarded, both of them marked "paid." As a result of "error, inadvertence and mistake," the plaintiff failed to deduct the balance owing on the $11,500 note, which at that time was $1,986.27 in principal and $184.56 in interest, for a total balance of $2,170.83. The defendant did not realize that such a mistake had been made until over three years later, when the plaintiff contacted her and demanded the return of the over-payment.

There has never been any dispute or disagreement between the parties as to the actual amount of the defendant's indebtedness on February 25, 1976, and the parties never discussed the possibility of the defendant's paying less than the full amount of her indebtedness in settlement of accounts. This appeal is from an order granting the defendant's motion for summary judgment based on the defenses of laches and accord and satisfaction. *Held:*

1. In order for an accord and satisfaction to take place, there must be a new agreement by the parties, either express or implied, in

satisfaction of the former obligation. See Code § 20-1201; *Pierson v. Herrington,* 138 Ga. App. 463 (2) (226 SE2d 299) (1976); *First Nat. Bk. of Gainesville v. Appalachian Indus., Inc.,* 146 Ga. App. 630 (5) (247 SE2d 422) (1978). Furthermore, "[t]he accord and satisfaction must be of some advantage, legal or equitable, to the creditor, or it will not have the effect of barring him from his legal rights." Code § 20-1203. See generally 1 EGL 136, Accord and Satisfaction, § 7. The plaintiff in this case never agreed to write off any portion of the loan balance to settle accounts, nor did the defendant ask the plaintiff to do so. The intention of both parties was clearly that both loans would be paid in full, and the only reason they were not was because of a unilateral mistake by the plaintiff. Accordingly, there was no accord and satisfaction.

2. This is a legal action for money had and received. See generally *Atlanta Telephone and Telegraph Co. v. Fain,* 16 Ga. App. 475 (2) (85 SE 791) (1915); and *Cloppas v. C. & S. Bank of Albany,* 95 Ga. App. 365, 368 (98 SE2d 153) (1957). The statute of limitation on such a claim is four years. Code § 3-706. "The doctrine of laches or stale demands is purely an equitable defense and has no application to a complaint for the enforcement of a legal right." 10A EGL 302, Equity, § 155. See *Jacoby v. Jacoby,* 150 Ga. App. 725 (5) (258 SE2d 534) (1979).

3. "The equitable right to restitution from one unjustly enriched at another's expense is terminated or diminished if circumstances have so changed that it would be inequitable to require full restitution." 66 AmJur2d Restitution and Implied Contracts 950 § 8. See also Restatement, Restitution, §§ 69, 142. While the defendant contends on appeal that such a defense is available to her, there is nothing in the record which either supports or negates it. Accordingly, a material issue of fact remains for trial, and the court erred in granting the motion for summary judgment.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

Submitted October 9, 1980 — Decided November 3, 1980 — Rehearing denied December 10, 1980.

*John C. Lovett,* for appellant.
*Robert Culpepper, III,* for appellee.