## 62901. STATE OF GEORGIA, DEPARTMENT OF ADMINISTRATIVE SERVICES v. PRITCHETT.

BANKE, Judge.

This is an action by the state to recover $7,200 in overpayments made to the defendant as "contingent expense and travel allowance" for her services as a court reporter. The overpayments began in January of 1977, when the defendant was replaced as the "Official Court Reporter" for the Waycross Judicial Circuit. Due to a unilateral mistake by the state, she continued for the next three years to receive the $200 per month allowance designated by the then existing version of Code Ann. § 24-3107 to be paid "to each duly appointed reporter for the superior courts in all judicial circuits . . ." In January of 1980, the mistake was discovered and the payments were discontinued.

It is undisputed that the defendant was not entitled to receive the allowance during this 3-year period. However, it also appears that no one told her during this period either that she was no longer the official court reporter or that she was not entitled to the money. An elderly lady, she was apparently replaced due to a disability resulting from a heart attack. After her recovery, she continued to work as a court reporter for a different judge in the same judicial circuit on a substitute basis. She testified that in carrying out her work as a substitute reporter she was required to arrange lodging away from home for extended periods of time, just as she had before. This appeal is from a jury verdict in her favor. *Held:*

"There can be no doubt of the state's right to a refund of money paid out through mistake under the time-honored and well recognized principle that one may not retain money or goods which have come into his hands through mistake and which he is not, in

good conscience, entitled to retain. [Cits.]" *Dept. of Public Health v. Perry,* 123 Ga. App. 816, 819 (182 SE2d 493) (1971). However, " '[t]he equitable right to restitution from one unjustly enriched at another's expense is terminated or diminished if circumstances have so changed that it would be inequitable to require full restitution.' 66 AmJur2d Restitution and Implied Contracts 950 § 8." *Sun. Fed. Svgs. &c. Assn. v. Manny,* 156 Ga. App. 807, 808 (3) (275 SE2d 661) (1980). There was evidence in this case to support a finding that the defendant received the allowance in good faith and spent it in furtherance of her duties as a court reporter. Accordingly, the jury was authorized to conclude that restitution would have been inequitable due to a change in circumstances. The motions for directed verdict and for judgment notwithstanding the verdict were properly denied.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 4, 1981.

*Stephen M. Forte,* for appellant.
*J. Richard Porter III,* for appellee.