67524. BARTON & LUDWIG, INC. v. THOMPSON.

BANKE, Judge.

Appellant Barton & Ludwig, Inc., a real estate broker, brought suit against appellee Brenda Sue Thompson, one of its former sales agents, to recover monies which it had paid to her as her share of three brokerage commissions which, for reasons appearing below, the company was unable to collect from the escrow agent after the transactions were closed. The trial court directed a verdict in Ms. Thompson's favor, and this appeal followed.

Being a mere sales agent rather than a licensed broker, Ms. Thompson was not entitled to collect commissions directly from the parties to the real estate transactions in which she was involved but was required to be compensated by the broker by whom she was employed. All three of the transactions which gave rise to the commissions at issue were closed by the law firm of Blanton & Fudge, P. A., on January 3, 1980, at which time the firm issued to Barton & Ludwig three commission checks drawn on its escrow account in the total amount of $20,880. On January 11, 1980, before any of these checks had cleared, Barton & Ludwig gave Ms. Thompson three checks totalling $10,660, drawn on its own bank account in payment of her share

of the sales commissions. Ms. Thompson promptly negotiated these checks for cash at Barton & Ludwig's bank and then deposited approximately 90 percent of the money in her personal account at a different bank. Ms. Thompson testified that the reason she opted to cash the checks instead of simply depositing them directly to her account was that certain "dissension" had arisen in her office between the resident broker and the Barton & Ludwig management. This dissension also prompted her to sever her relationship with Barton & Ludwig at about the same time that she cashed the three checks.

Evidently because the attorney who had handled the closing subsequently misappropriated the firm's escrow funds, there were insufficient deposits in the Blanton & Fudge escrow account to pay the commission checks which had been issued to Barton & Ludwig. Ms. Thompson happened to be a personal friend of the errant attorney; and, immediately upon cashing her commission checks from Barton & Ludwig, she attended a birthday party given in the attorney's honor. While at this party, she received a phone call from Barton & Ludwig's Executive Vice-President, Tom Griffin, who, having learned of the problem with the escrow funds, asked her to refrain from depositing the three checks given to her by Barton & Ludwig. When Ms. Thompson responded that she had already cashed the checks, Griffin asked her not to spend the money, whereupon she told him the money had already been spent.

The attorney who misappropriated the escrow funds was later declared bankrupt; and Barton & Ludwig was eventually able to collect $1,722.17 from the bankruptcy trustee towards payment of its commissions on the three sales; however, its legal expense in pursuing the matter totalled at least $1,284.50. The company credited Ms. Thompson with her entire portion of this recovery, without deduction for any of the legal expenses. *Held*:

An action for money had and received lies against one who is unjustly enriched at the expense of another through the receipt of money, which in equity and good conscience, he or she ought not to retain. See generally *Cloppas v. C & S Bank of Albany*, 95 Ga. App. 365 (98 SE2d 153) (1957); *James Talcott, Inc. v. Roy D. Warren Commercial, Inc.*, 120 Ga. App. 544 (1) (171 SE2d 907) (1969). "Relief may be granted even in cases of negligence by the complainant if it appears that the other party has not been prejudiced thereby." OCGA § 23-2-32 (b). See *J. C. Penney Co. v. West*, 140 Ga. App. 110 (2) (230 SE2d 66) (1976).

It is undisputed that Ms. Thompson was employed by Barton & Ludwig as an independent contractor and was compensated solely by payment of a percentage of the brokerage commissions which she generated for the company. Under this arrangement, it is clear that her right to payment was contingent upon actual collection of the com-

missions by the firm. Since Barton & Ludwig was unable to collect the commission checks delivered to it in connection with the three real estate transactions at issue in this case, and since the company acted promptly to avoid any prejudice to Ms. Thompson upon learning that the checks would not be paid, it follows that Ms. Thompson had no right to retain the payments she received.

None of the authorities cited by the appellee require a contrary conclusion. OCGA § 13-4-40, which provides that "[p]ayment of money due to a creditor or his agent shall be sufficient to discharge the debtor upon the obligation . . .," is inapplicable since this dispute does not involve any payment of money by Ms. Thompson to a creditor or his agent. Compare *Hayes v. Gordon*, 240 Ga. 19 (2) (239 SE2d 344) (1977). Similarly inapposite is OCGA § 10-6-32, which provides that "[t]he broker's commissions are earned when, during the agency, he finds a purchaser who is ready, able, and willing to buy and who actually offers to buy on the terms stipulated by the owner." As a result of Ms. Thompson's services, Barton & Ludwig clearly earned its commissions on the transactions in question; however, that is not the issue in this case. The issue is whether, without actually having collected any part of the commissions thus earned, Barton & Ludwig was nevertheless liable to Ms. Thompson for her share. Under the undisputed evidence presented at trial, we hold that no such liability existed and that Ms. Thompson was consequently unjustly enriched at her employer's expense. It follows that the trial court erred in granting the appellee's motion for directed verdict and in denying the appellant's motion for directed verdict.

*Judgment reversed. Shulman, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 23, 1984 —
REHEARING DENIED MARCH 9, 1984 —

*F. Carlton King, Jr., Simuel F. Doster, Jr.*, for appellant.
*Marilyn S. Bright, Martin L. Ellin*, for appellee.