## 72790. RACCUGLIA v. PAINE WEBBER, INC.
### (349 SE2d 803)

BEASLEY, Judge.

Raccuglia challenges the grant of summary judgment on Paine Webber's claim for money paid by mistake, on the ground that there are material fact issues regarding his defenses, among other issues. He

had pled as one defense a change in position such that it would be inequitable to allow relief.

An investment account was opened in Raccuglia's name with Paine Webber in 1984, bearing a certain number. Shortly thereafter, Paine Webber through clerical error issued a check to Raccuglia for $8,770.69, which should have been paid to the investor with another number. This latter number was on the face of the check, but the record is silent as to whether Raccuglia noticed the number. He did receive the check and endorse it into his bank account. These facts are undisputed.

Raccuglia's affidavit in opposition to the motion for summary judgment states that the account, although in his name, was opened solely to allow one Robert Anderson to trade with Paine Webber, because Anderson was unable to trade in his own name due to past dealings. According to Raccuglia, Anderson told him that he had discussed this arrangement with Fred Loving, a broker with Paine Webber, and that Loving agreed to this arrangement. Raccuglia was to be advised of transactions in the account. However, he was not advised concerning the check.

Raccuglia further states that the paperwork for the account was brought to his home by Anderson and that he never had any contact with anyone representing Paine Webber prior to signing these papers. A few weeks later Anderson brought the check, Raccuglia deposited it in his bank account, and then he dispersed it according to Anderson's directions. He denies that he had use of or benefited from the funds. Nine months later Paine Webber requested re-payment from Raccuglia; and when it was refused, filed suit.

Paine Webber's affidavit states that the account was opened and the check was issued. It does not in any way refute the facts stated above concerning Anderson and Loving.

1. "An action for money had and received lies in all cases where another has received money which the plaintiff ex aequo et bono is entitled to recover and which the defendant is not entitled to retain. [Cit.]. Although legal in form, being an action in implied assumpsit, it is founded on the equitable principle that no one ought to unjustly enrich himself at the expense of another, and it is a substitute for a suit in equity. [Cit.]" *J. C. Penney Co. v. West*, 140 Ga. App. 110, 111 (2) (230 SE2d 66) (1976); see *Wisseh v. Bank of Credit &c. Intl.*, 173 Ga. App. 286 (325 SE2d 897) (1985); *Dept. of Public Health v. Perry*, 123 Ga. App. 816 (182 SE2d 493) (1971).

Due to the nature and origin of the cause of action, however, " '[t]he equitable right to restitution from one unjustly enriched at another's expense is terminated or diminished if circumstances have so changed that it would be inequitable to require full restitution.' " *Sun Fed. Savings &c. Assn. v. Manny*, 156 Ga. App. 807, 808 (3) (275

SE2d 661) (1980); see *State DOAS v. Pritchett*, 160 Ga. App. 294 (287 SE2d 290) (1981).

The benefit of all reasonable inferences and all reasonable doubts must be given to the party opposing the motion for summary judgment, regardless of the burden of proof at trial. *Eiberger v. West*, 247 Ga. 767 (1a) (281 SE2d 148) (1981); see *Tri-Cities Hosp. v. Sheats*, 247 Ga. 713 (279 SE2d 210) (1981). In ruling on the motion, the court cannot weigh the evidence or determine credibility. *HOH v. Ethridge*, 168 Ga. App. 20 (308 SE2d 43) (1983).

Raccuglia's affidavit concerning the account's creation, and that it was set up so another person could trade in it as Paine Webber's client, and that this arrangement was acquiesced in by a Paine Webber representative, stands uncontradicted.

In *Sun Fed. S & L Assn.*, supra at 808, a debtor on a note to the association was mistakenly overpaid when she instructed the association to close a savings account, deduct the note balance, and refund the difference to her. The association did not notice the error until three years later and was granted summary judgment. This court reversed, stating "[w]hile the defendant contends on appeal that such a defense [change of circumstances] is available to her, *there is nothing in the record which either supports or negates it.* Accordingly, a material issue of fact remains for trial, and the court erred in granting the motion for summary judgment." (Emphasis supplied.)

Viewing Raccuglia's evidence most favorably to him, we cannot say as a matter of law that he cannot establish that prejudice or change of position which would at the least diminish the recovery of Paine Webber. Summary judgment to it was therefore error. This is especially true where appellant's affidavit stands uncontradicted. See *Mallard v. Jenkins*, 179 Ga. App. 582 (347 SE2d 339) (1986).

2. Since the trial court's order does not specify the facts or legal theories upon which the order was based, this court need not rule on the remaining enumerations of error dealing with other theories, considering the ruling in Division 1.

*Judgment reversed. Benham, J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED OCTOBER 16, 1986.

*Charles R. Desiderio*, for appellant.
*Douglas R. Powell*, for appellee.